**DOOLEY TACKABERRY, INC.**

v.

**FREEPORT McMoRAN OIL AND GAS COMPANY, and Kenray North America, Inc.**

**Civ. A. No. 91–3951 C/W 92–32.**

United States District Court, E.D. Louisiana.

Sept. 9, 1992.

Lance J. Arnold, Baldwin & Haspel, New Orleans, La., Mickey R. Olmstead, Beaumont, Tex., for plaintiff.

James D. McMichael, Liskow & Lewis, New Orleans, La., John Henry Ryan, New Orleans, La., Roy Stuart Lilley, Metairie, La., for defendants.

McNAMARA, District Judge.

Before the court are the following Motions:

(1) Motion of Dooley Tackaberry, Inc., for Summary Judgment

(2) Motion of Freeport–McMoRan for Summary Judgment against Specialty and for Judgment of Default against Kenray

Oppositions have been filed. This matter is before the court on briefs, without oral argument.

### STATEMENT OF FACTS

This case arises out of work performed for Freeport–McMoRan Oil and Gas Company ("Freeport–McMoRan") by Kenray North America, Inc. ("Kenray") in conjunction with Freeport–McMoRan wells on West Delta 89 on the Outer Continental Shelf. Freeport–McMoRan has withheld $28,408 of the contract price due to Kenray, pending determination of who is entitled to this money—Dooley Tackaberry, Inc. ("Tackaberry") or Specialty Products and Insulation, Inc. ("Specialty").

Tackaberry, one of Kenray's suppliers, alleges that it has not been paid by Kenray and has recorded a lien against Freeport–McMoRan's property and filed the present suit seeking to enforce that lien.

Specialty, another of Kenray's suppliers, has also alleged that it was not paid. Specialty did *not* record a lien. Instead, Specialty obtained a default judgment against Kenray and, in a separate proceeding, sought to collect that judgment by garnishing Freeport–McMoRan for any money owed to Kenray by Freeport–McMoRan. The garnishment proceeding has been consolidated with the Tackaberry proceeding to enforce its lien.

The two main issues here are:

(1) Does Tackaberry have a perfected lien? If so,

(2) Does this affect Specialty's garnishment claim?

### ANALYSIS OF THE LAW

█ Tackaberry filed a lien affidavit pursuant to the Louisiana Oil Well Lien Act, La.Rev.Stat. 9:4861 *et seq.* This lien is in the amount of $43,139.00 plus interest, costs, and attorneys' fees as provided for by the Oil Well Lien Act. La.R.S. 9:4862(C) requires that an affidavit of a lien contain a description of the leased property:

The notice of such claim or privilege shall contain a description of the leased property of such nature as to make the leased property reasonably subject to identification.

Freeport–McMoRan contends that the lien affidavit recorded by Tackaberry contains inadequate description of the leased property and, in fact, does not even mention a lease. The affidavit states that:

Said materials, labor, and supplies were furnished to KENRAY NORTH AMERICA, INC., pursuant to a contract with such party for the installation of an alarm system, voice equipment, gas detection system, and fire detection system in an employee's quarters building which was subsequently attached to and located on the FREEPORT–MCMORAN OIL AND GAS COMPANY West Delta 89 production platform.

In discussing the Oil Well Lien Act, the Louisiana Supreme Court, in *Mercantile National Bank of Dallas v. J. Thos. Driscoll, Inc.,* 194 La. 935, 195 So. 497, 502 (1940) observed that the purpose of the act is "to apprise third persons of the kind of lien which is claimed, what property is affected, and to fix the limit of the claim so that no more can be claimed." In *Mercantile,* the court held that where the oil well claimant's notice of claim for lien described all the lots in a subdivision as subject to a lien, this did not prevent claimant from establishing the lien as affecting leases and wells on fewer than all of the lots. Because the affected property was described therein, the lien was valid.

The description given by Tackaberry is more than sufficient to apprise third persons of which property is affected, and thus meets the notice requirement of the act. Because all other requirements of the act have been met (timing, filing, etc.), Tackaberry has a perfected lien against Freeport–McMoRan.

█ The Tackaberry lien against Freeport–McMoRan's property exceeds the contractual proceeds withheld by Freeport–McMoRan pursuant to the payment and indemnity provision of the Kenray/Freeport–McMoRan contract. Because of this, Freeport–McMoRan contends that it is entitled to judgment dismissing Specialty's garnishment claim as there is no money "owed" to Kenray which Specialty could garnish. Although there is some doubt as to whether third parties such as Specialty can be held to the contractual provisions of the unrecorded Kenray/Freeport–McMoRan contract, the effect of the contested payment and indemnity provision also operates as a matter of law. Two cases have directly addressed the rights of owners, contractors, subcontractors, and other creditors pursuant to the Louisiana Oil Well Lien Act. In *In re L & S Offshore Caterers, Inc.,* 67 B.R. 25 (Bkrtcy.W.D.La.1986), the court held that an owner is entitled as a matter of law to withhold funds otherwise due to a contractor until the contractor provides satisfactory evidence of payment of all subcontractors and suppliers. And, because the contractor has no rights to the fund withheld by the owner unless and until all subcontractors have been paid, the contractor's other creditors (in that case, the assignee of accounts receivable) have no rights to these funds either. *Id.* at 29. Although one ground for the *L & S* decision was the contract at issue (which, like the contract in the present case, conditioned payment to the contractor on proof of payment to the subcontractors), the court also noted that "the same result would be reached in this case [under Louisiana law] even had this Court not found a contract to be in existence." *Id.* at 29.

Similarly, the court in *In re Energy Contractors,* 49 B.R. 139, 142–43 (Bkrtcy.

**1440**

M.D.La.1985) recognized that the owner's right to reduce the sums otherwise due to the contractor by any amounts due the lien claimants arises because the bargain between the owner and contractor "obviously includes an obligation that [the owner] would not have to pay the materialmen and subcontractors as well as paying [the contractor]." The court concluded that under the doctrine of recoupment, the well operator "simply does not owe" the contractor the sums it is required to pay the lien claimants, and consequently the contractor's other creditors have no right to those funds.

## CONCLUSION

Tackaberry's lien claim against Freeport–McMoRan's property is valid and enforceable. Because this lien exceeds the contractual proceeds withheld, no money is "owed" to Kenray which could be garnished. Freeport–McMoRan is thus entitled to a judgment dismissing Specialty's garnishment claim.

For the reasons set out above, accordingly;

(1) Motion of Dooley Tackaberry, Inc. for Summary Judgment on Lien Claim is hereby GRANTED.

(2) Motion of Freeport–McMoRan Oil and Gas Company for Summary Judgment against Specialty Products is hereby GRANTED.

(3) Motion of Freeport–McMoRan Oil and Gas Company for Judgment of Default against Kenray is hereby GRANTED.